UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD PAUL BREWER<br>64 Ledgewood Drive<br>Falmouth, Maine 04105<br>  and<br><br>JOYCE LOUISE LEYDET<br>3A Golden Hill Road<br>LenoxDale, MA 01242<br>  and<br><br>PAMELA ANN BREWER<br>64 Ledgewood Drive<br>Falmouth, Maine 04105<br>  and<br><br>MCKENZIE HELEN BREWER<br>64 Ledgewood Drive<br>Falmouth, Maine 04105<br>  and<br><br>HAYDEN SCOTT BREWER<br>64 Ledgewood Drive<br>Falmouth, Maine 04105<br><br>　　　**Plaintiffs,**<br><br>　　　v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br>　Ministry of Foreign Affairs<br>　Khomeini Avenue, United Nations<br>　Street, Tehran, Iran<br><br>　　and<br><br>THE MINISTRY OF INFORMATION<br>AND SECURITY OF IRAN,<br>　Pasdaran Avenue Golestan Yekom<br>　Tehran, Iran<br><br>　　and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| THE IRANIAN REVOLUTIONARY | ) |
| GUARD CORPS, | ) |
|     Pasdaran Avenue Golestan Yekom | ) |
|     Tehran, Iran, | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Richard Paul Brewer and his mother, Joyce Louise Leydet, and his wife, Pamela Ann Brewer, and his two minor children, McKenzie Helen Brewer and Hayden Scott Brewer, by and through their undersigned attorneys, respectfully submit this Complaint seeking damages arising out of the September 20, 1984, terrorist attack on the American Embassy Annex in East Beirut, Lebanon. Plaintiffs move for judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security (the"MOIS"), and The Iranian Islamic Revolutionary Guard Corps (hereinafter "IRGC"), and in support of this Cmplaint allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), 1605A and 1605 note.

2. Defendants the Islamic Republic of Iran, the MOIS, and the IRGC are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28, U.S.C. § 1605A, § 1605 note, and related statutes.

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4).

4. Actions for wrongful death, personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents fall within the

meaning of 28 U.S.C § 1605A and 1605 note.  Under 28 U.S.C. § 1606, foreign states and their instrumentalities may also be held liable for such wrongs "in the same manner and to the same extent as a private individual under like circumstances..."

## II. THE PARTIES

5. Plaintiff Richard P. Brewer is a resident and domiciliary of the State of Maine, residing at 64 Ledgewood Drive, Falmouth, Maine 04105.  He is 80 percent disabled as a result of injuries sustained during a terrorist attack on the American Embassy Annex on September 20, 1984.  Mr. Brewer legally changed his name in 1999, from Richard Paul Leydet, his name at the time of the bombing.  At the time of the bombing, he was a resident and domiciliary of Massachusetts.  He was and is a United States citizen.

6. Plaintiff Joyce Louise Leydet is Brewer's mother. She resides at 3A Golden Hill Road, LenoxDale Massachusetts.  At the time of the attack she was also a resident of Massachusetts.

7. Plaintiff Pamela Ann Brewer is Brewer's wife, residing with him at 64 Ledgewood Drive, Falmouth Maine 04105.

8. Plaintiffs McKenzie Helen Brewer and Hayden Scott Brewer are Richard and Pamela Ann Brewer's two minor children, residing with them at 64 Ledgewood Drive, Falmouth, Maine 04105.

10. Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran") is a foreign state that has been designated a state supporting international terrorism within the meaning of the Export Administration Act of 1979 (50 U.S.C. App. § 24050) and the Foreign Assistance Act of 1961 (22 U.S.C. 2371(b)) since January 19, 1984.  The Islamic Republic of Iran provides material support and resources to Hizballah, a politico-paramilitary terrorist organization

operating in Lebanon and elsewhere. The Islamic Republic of Iran sponsors and provides material support and resources to Hizballah within the meaning of 28 U.S.C. § 1605A and 28 U.S.C. § 1605 note, by providing it with logistical support, intelligence, funding, direction and training for its terrorist activities.

11. As a result of the fact that the defendant Iran has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000), Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62 (D.D.C. 1998), Higgins v. The Islamic Republic of Iran, Civ. No. 99-377)(D.D.C. 2000), as well as cases before this Court which held Iran liable for the same specific act of terrorism–i.e, the bombing of the Beirut Embassy Annex, Welch v. Iran, No. 01-863 (D.D.C. Oct. 15, 2007), defendant Iran is estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah at issue here.

12. Defendant the Iranian Ministry of Information and Security (hereinafter also referred to as "MOIS") is the Iranian intelligence service and functions both within and beyond Iranian territory. MOIS, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U. S. C. § 1605A and 1605 note, that caused the events which gave rise to Brewer's injuries. Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hizballah for its terrorist activities, including the actions relating to the bomb attack on the Embassy Annex in Beirut, Lebanon.

13. As a result of the fact that the defendant the Iranian Ministry of Information and Security has been found to be liable as a foreign state supporting international terrorism under 28

U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including <u>Anderson v. The Islamic Republic of Iran</u>, 90 F. Supp. 2d 107 (D.D.C. 2000), <u>Cicippio v. The Islamic Republic of Iran</u>, 18 F. Supp. 2d 62(D.D.C. 1998), <u>Higgins v. The Islamic Republic of Iran</u>, Civ. No. 99-377)(D.D.C. 2000), as well as cases before this Court which held MOIS liable for the same specific act of terrorism–i.e, the bombing of the Beirut Embassy Annex, <u>Welch v. Iran</u>, No. 01-863 (D.D.C. Oct. 15, 2007), defendant MOIS is estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah.

    14. The Iranian Islamic Revolutionary Guard Corps, also known as "Pasdaran" (hereinafter referred to as "IRGC") is a non-traditional agency and instrumentality of Iran. The IRGC, with its own separate internal organization, has evolved into one of the most powerful organizations in Iran. The IRGC functions as a paramilitary and intelligence organization, both within and outside the country. It has its own separate sources of funding, originally derived from the former Shah's assets confiscated at the time of the Iranian Revolution overthrowing the Shah and the return of Ayatollah Khomeini. In addition, the IRGC is dedicated to the export of Islamic Fundamentalism principles throughout the world by acts of terrorism and criminal violence. On September 25, 2007, the House of Representatives passed <u>House Resolution 1400</u>, which stated that the United States should designate the IRGC "as a foreign terrorist organization under Section 219 of the Immigration and Nationality Act...." *Accord*, <u>Senate Amendment 3017</u>, passed September 26, 2007. The IRGC is the primary agent through which Iran prepared and oversaw the actions relating to the bomb attack on the American Embassy Annex in East Beirut, Lebanon on September 20, 1984. The IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605A(a) and (c) and 28 U.S.C. §1605 note,

as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hizballah for its terrorist activities in Lebanon, that caused the extrajudicial killings and personal injury described below.

15. As a result of the fact that the defendant the IRGC has been found to be liable under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000), Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62(D.D.C. 1998), Higgins v. The Islamic Republic of Iran, Civ. No. 99-377)(D.D.C. 2000), as well as cases before this Court which held MOIS liable for the same specific act of terrorism–i.e, the bombing of the Beirut Embassy Annex-- Welch v. Iran, No. 01-863 (D.D.C. Oct. 15, 2007), defendant IRGC is estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah.

16. Hizballah was formed by Iran utilizing Iranian MOIS and IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of terrorism, including, but not limited to, the actions relating to the bomb attack on the American Embassy Annex in East Beirut, Lebanon on September 20, 1984.

**STATEMENT OF FACTS**

17. In September of 1984, Marine Sgt Richard Paul Leydet (now Brewer) was assigned to the American Embassy Annex in East Beirut, Lebanon. He was and is a United States citizen.

18. The Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Iran was responsible for the bombing attack on the U.S. embassy in West Beirut, Lebanon on April 18, 1983 killing 63 people, including 17 Americans, and the suicide truck

bombing on the U.S. Marine headquarters near Beirut International Airport, killing 241 U.S. servicemen. Iran's principal agents in this regard were the IRGC and Hizballah.

19. In the early 1980's, Iran, through its Ministry of Information and Security ("MOIS") and the IRGC, established Hizballah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and IRGC provided funding, training and equipment to Hizballah, enabling it to pursue and achieve its mission of terrorism.

20. During the early 1980's, Hizballah was operating as a terrorist organization in Lebanon under the name of Islamic Jihad. Its members were trained in Iran and the Bekka (Bekaa) Valley in Lebanon at facilities established, operated and supported by defendants Iran and the IRGC.

21. During this period, the presence of United States personnel in Lebanon was viewed by the Iranian government as supportive of Israel, which was closely allied with Western governments. In its view, a large scale terrorist operation designated to kill Americans would cause the total withdrawal of U.S. servicemen from Lebanon. The Iranian government, acting through MOIS, IRGC and Hizballah, began preparations for the bombing of a target associated with American interests.

22. The Defendants began preparation for such an operation in 1984. Hizballah operatives, assisted by the IRGC, scouted potential targets  On the morning of September 20, 1984, at approximately 11:45 A.M., a van with diplomatic license plates pulled up at the checkpoint outside the embassy annex building in East Beirut. The car was ordered to halt by the Lebanese security guards on duty at the checkpoint. Suddenly, the driver pulled a gun and shot at one of the guards.

23. As another guard shouted and ran after the van, the driver raced his engine, zigzagged the vehicle through the "dragon's teeth," a staggered row of concrete blocks designed to reduce the speed of approaching cars, and headed for the embassy building.

24. One of the bodyguards accompanying British Ambassador David Miers, who happened to be visiting his U.S. counterpart, opened fire on the approaching van.

25. As the driver fell over, he pulled on the wheel and the car swung to the right, hitting a parked car. The van came to a halt approximately 30 feet from the embassy. At that point in time, the van exploded. As a result of the explosion, the façade of the building collapsed, raining masonry and broken glass over a wide area in the residential district.

26. The shots fired at the van apparently prevented the driver from reaching his presumed destination, the parking garage underneath the embassy. Had the vehicle, containing an estimated 350 lbs. of explosives, blown up in the underground parking garage, the entire building might have collapsed.

27. As a result of the terrorist act described above, twelve people were killed and 35 wounded. Among the dead were two Americans attached to the embassy's military liaison office: Army Chief Warrant Officer Kenneth V. Welch and Navy Petty Officer First Class Michael Ray Wagner.

28. Richard Paul Brewer was knocked unconscious by the blast and buried in rubble. When he came to, he was bleeding profusely, but donned a flak jacket and began assisiting those who were hurt worse than he was. After a period of time, he began to feel faint from loss of blood, and obtained medical assistance. He was taken to a Lebanese hospital and given a blood transfusion and treated there for his extensive injuries. He was later flown to Landstuhl, Germany for more

extensive medical treatment.

29. Brewer is today considered 80 percent disabled by the Veterans Administration. He suffers from Post Traumatic Stress Disorder, migraine headaches, and severe upper and lower back problems stemming from the bombing. He has ringing in the ears and nightmares on a continuing basis. He has been under psychiatric care to deal with these issues, and is currently on medication.

30. Brewer's mother, Joyce Loiuse Leydet, is a United States citizen. She first heard about the bombing from news accounts, and spent many anxious hours wondering if her son had been killed. She learned only some time later that he had only been wounded. Although relieved, she still suffered considerable pain and sorrow to learn of his injuries, and to see his diminished capacity to enjoy life and to participate fully in the activities he had grown used to, and to learn that he was no longer able to lead a pain-free existence.

31. Brewer's wife, plaintiff Pamela Ann Brewer, and his two minor children, plaintiffs McKenzie Helen Brewer and Heyden Scott Brewer, did not know him, and in the case of the children, were not alive yet, at the time of the bombing. However, their ability to enjoy the companionship, care, and love of their husband and father, respectively, has been diminished by Brewer's initial injuries and lasting psychological and physical injuries and deficits.

## CAUSES OF ACTION

### COUNT I

**Action for Personal Injury Pursuant to Section 1605A and Section 1605 Note, FSIA**

32. Plaintiffs incorporate herein by reference paragraphs 1 through 31 above as if fully set forth at length.

33. Defendants intended to and did cause great physical harm, injury, and maiming to

plaintiff Brewer and his fellow servicemen, and apprehension of those harms to them, by detonating a powerful explosive device in their immediate proximity. They unlawfully, intentionally, and offensively caused severe personal injury to him through the explosion of an explosive device on the premises of the United States Embassy Annex in Beirut.

34. As a result of defendants' actions, Plaintiff Brewer suffered severe physical injuries which resulted in great pain and significant disability, which has continued to this day. He has also suffered significant psychological trauma in the form of post-traumatic stress disorder, for which he continues to receive treatment to this day. He has endured both physical and emotional anguish. He continues to suffer substantial residual physical and psychological impairments and deficits.

35. As a direct and proximate result of the willful, wrongful, intentional, outrageous and reckless actions of Hizballah members, whose acts was funded and directed by the Islamic Republic of Iran and by MOIS and IRGC, Plaintiff Brewer has been severely injured and impaired for life. As a direct result of the same acts, plaintiff Joyce Louise Leydet, Brewer's mother, suffered great emotional anguish, pain and suffering, and is entitled to an award of solatium therefor.

36. Defendants the Islamic Republic of Iran, MOIS, and IRGC sponsored and provided material support and resources for Hizballah's terrorist activities within the meaning of 28 U.S.C. § 1605A and 28 U.S.C. § 1605 note.

37. Defendants the MOIS and IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which caused the injuries to Brewer and the emotional anguish to Leydet within the meaning of 28 U.S.C. §§ 1605A and 1605 note.

38. Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and

Security, the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran, are jointly and severally liable to plaintiffs Brewer and Leydet because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

39.  WHEREFORE, Plaintiffs Brewer and Leydet demand that judgment be entered against Defendants, jointly and severally, for economic damages, solatium, and pain and suffering to compensate them for Brewer's injuries, medical expenses, and pain and suffering, in an amount to be determined at trial, but not less than Forty Million Dollars ($40,000,000); and plaintiff Joyce Louise Leydet demands that judgment be entered against Defendants, jointly and severally, for solatium, pain and suffering to compensate her in the amount of Ten Million Dollars ($10,000,000).

## COUNT II

### Action for Personal Injury Under State Law

(ASSAULT AND BATTERY)

40.  Plaintiffs incorporate herein by reference paragraphs 1 through 39 above as if fully set forth at length.

41. Defendants intended to and did cause great physical harm, injury, and maiming to plaintiff Brewer and his fellow servicemen, and apprehension of those harms to them, by detonating a powerful explosive device in their immediate proximity.  They unlawfully, intentionally, and offensively contacted Brewer's body through the means of the explosive device in a manner that was intended to injure, maim, and to kill him.

42.  As a result of defendants' actions, Plaintiff Brewer suffered severe physical injuries which resulted in great pain and significant disability, which has continued to this day.  He has also suffered significant psychological trauma in the form of post-traumatic stress disorder, for which he

continues to receive treatment to this day. He has endured both physical and emotional anguish. He continues to suffer substantial residual physical and psychological impairments and deficits.

43. As a direct and proximate result of the willful, wrongful, intentional, outrageous and reckless actions of Hizballah members, whose acts was funded and directed by the Islamic Republic of Iran and by MOIS and IRGC, Plaintiff Brewer has been severely injured and impaired for life.

44. Defendants the Islamic Republic of Iran, MOIS, and the IRGC sponsored and provided material support for Hizballah's terrorist activities within the meaning of 28 U.S.C. § 1605A and 1605 note. Under 28 U.S.C. § 1606, Defendants the Islamic Republic of Iran, MOIS, and IRGC are liable under any applicable source of law for their actions to the same extent as private parties would be liable for the same actions. Massachusetts law provides causes of action for personal injury by assault and battery to plaintiff Brewer pursuant to Section 1606.

45. Defendants the MOIS and IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which caused the injuries to Brewer within the meaning of 28 U.S.C. § 1605A and 1605 Note.

46. Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran, are jointly and severally liable to plaintiff Brewer because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

47. WHEREFORE, Plaintiff Richard Brewer demands that judgment be entered against Defendants, jointly and severally, for damages to compensate him for his injuries, medical expenses, and pain and suffering, in an amount to be determined at trial, but not less than Forty Million Dollars ($40,000,000).

## COUNT III

### Economic Damages Arising from Personal Injury

48. Plaintiff Brewer incorporates herein by reference paragraphs 1 through 47 above as if fully set forth at length.

49. Plaintiff Brewer incurred economic damages as a result of the injuries he suffered by defendants' assault and battery on his person, and was deprived of income from future employment and employment opportunity.

50. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizballah members, whose acts were funded and directed by Defendants the Islamic Republic of Iran and by the Iranian Ministry of Information and Security (MOIS), and the Iranian Islamic Revolutionary Guard Corps a/k/a Pasdaran (IRGC), Plaintiff Richard Brewer incurred economic damages as a result of his severe and disabling injuries and was deprived of income from future employment.

51. For the reasons stated above, Defendants are jointly and severally liable to Plaintiff Brewer under Massachusetts law, which is applicable through the operation of Section 1606 of the Foreign Sovereign Immunities Act, and under any other applicable source of substantive law.

52. WHEREFORE, Plaintiff Richard Brewer demands that judgment be entered against Defendants, jointly and severally, for his economic injuries as a result of their assault and battery in an amount to be determined at trial, but no less than Forty Million Dollars ($10,000,000).

## COUNT IV

### Intentional Infliction of Emotional Distress

53. Plaintiffs incorporate by reference paragraphs 1 through 52 above as if fully set forth at

length.

54. The act of terrorism in detonating a bomb on the premises of the U.S. Embassy Annex, with the intent to kill and maim Americans and which in fact did kill and severely injure Americans, including Plaintiff Richard Brewer, constituted extreme and outrageous conduct on the part of Hizballah and its supporters, and was intended to cause severe emotional distress. The extensive planning and preparation which went into the attack further underscores the malicious and heinous nature of the terrorism involved, and demonstrates that it was intended to inflict extreme emotional distress not only on the immediate victims, but also on their close family members.

55. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by the MOIS and the IRGC, Plaintiffs Richard Brewer and his mother, Joyce Leydet, suffered severe emotional distress, including extreme mental anguish and emotional and physical pain and suffering.

56. Defendants are directly and vicariously responsible for Hizballah's actions because they funded, trained, and directed Hizballah and acted in concert with Hizballah in sponsoring the terrorist attack on the Embassy Annex.

57. Plaintiff Richard Brewer was an intended and directly affected victim of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts, and is entitled to compensation under Massachusetts law. His mother, Joyce Leydet, was also an intended and directly affected victims of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts, which are fully intended to affect and harm the close family members of those killed and wounded no less than the physical victims themselves. Plaintiff Joyce Leydet, as the mother of plaintiff Richard Brewer, is entitled to recover damages for her emotional distress under

the law of Massachusetts.

58. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs Richard Brewer and Joyce Leydet for the intentional infliction of emotional distress.

WHEREFORE, Plaintiffs Brewer and Leydet demand that judgment be entered against Defendants, jointly and severally, in an amount to be determined at trial, but not less than Twenty Million Dollars ($20,000,000) each for Richard Brewer and Joyce Leydet.

## Count V

## Solatium and Loss of Consortium

59. Plaintiffs incorporate by reference paragraphs 1 through 58 above as if fully set forth at length.

60. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by MOIS and the IRGC, Plaintiff Joyce Leydet was deprived of the assistance, society and companionship of her son, Richard Brewer, for extended periods of time when he was severely injured and incapacitated. She is still deprived of the assistance, society, and companionship of the healthy and vibrant son she knew and loved prior to the terrorist attack described above. This has caused her to suffer, among other things, extreme mental anguish and emotional and physical pain and suffering.

61. Plaintiff Pamela Ann Brewer, Richard Brewer's wife, has also been forced to suffer through the deficits and difficulties of Richard Brewer that have been inflicted upon him as a victim of the bombing attack on the U.S. Embassy Annex. She is married to a man much diminished from what he was and could have been had he not been injured, and had he not had to suffer the physical and psychological pain that has followed him in the years since.

62. Plaintiffs McKenzie Helen Brewer and Hayden Scott Brewer, Richard Brewer's minor children also named as plaintiffs here, have had to and will continue to have to live with the same compromises as their mother, described in the paragraph above.

63. As a result, Plaintiffs Pamela Ann Brewer, McKenzie Helen Brewer, and Hayden Scott Brewer are entitled to damages for solatium and/or loss of consortium under 28 U.S.C. § 1605A(a) and (c), and 28 U.S.C. § 1605 note, or alternatively under Massachusetts or Maine law, pursuant to the operation of Section 1606 of the FSIA.

64. For these reasons, Defendants are jointly and severally liable to plaintiffs Pamela Ann Brewer, McKenzie Helen Brewer, and Hayden Scott Brewer in an amount to be determined at trial, but not less than Ten Million Dollars ($10,000,000) each.

## Count VI

## Punitive Damages

65. Plaintiffs incorporate by reference paragraphs 1 through 64 above as if fully set forth at length.

66. The actions of defendants acting in concert to carry out their unlawful objectives were malicious and willful, wanton and reckless in their disregard for human life and limb, and caused severe injuries to Plaintiff Richard Brewer and untold pain and suffering to him and to his mother, plaintiff Joyce Leydet, and to his wife and children, plaintiffs Pamela Ann Brewer, McKenzie Helen Brewer, and Hayden Scott Brewer.

67. The actions of Hizballah were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and in concert with those defendants, which are therefore both vicariously and directly liable to plaintiffs.

68. Defendant Iran is directly liable for its own actions and vicariously liable for the actions of its officials, agents, and/or employees, including Hizballah, MOIS and the IRGC, who performed acts within the scope of their offices, agencies, and/or employment, which caused severe injuries to plaintiff Richard Brewer.

69. For the reasons stated above, and pursuant to 28 U.S.C. § 1605A(c) and § 1605 note, which specifically authorize a cause of action for punitive damages in civil actions for money damages resulting from state sponsored terrorist acts, Defendants Iran, MOIS and the IRGC are jointly and severally liable to plaintiffs for punitive damages. Plaintiffs demand an award of punitive damages against those defendants jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendants on Counts I through VI, and grant Plaintiffs:

A. Compensatory damages in favor of plaintiffs as against Defendants jointly and severally, in the amounts demanded hereinabove;

B. Punitive Damages in favor of Plaintiffs as against Defendants in the amount demanded hereinabove;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees; and

E. Such other and further relief as the Court may determine to be just and equitable in the

circumstances.

                                              Respectfully submitted,


                                              ___/s/___Paul G. Gaston_____
                                              Paul G. Gaston (DC Bar # 290833)
                                              LAW OFFICES OF PAUL G. GASTON
                                              1120 19th Street, NW, Suite 750
                                              Washington, DC 20036
                                              202-296-5856
                                              *Attorney for Plaintiffs*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Richard Paul Brewer, Joyce Louise Leydet, Pamela Ann Brewer, McKenzie Brewer, Hayden Brewer

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Paul G. Gaston
Law Offices of Paul G. Gaston
1120 19th Street, NW, Suite 750
Washington DC 20036
tel. 202-296-5856

## DEFENDANTS

Islamic Republic of Iran, Iranian Ministry of Information and Security, Iranian Islamic Revolutionary Guard Corps

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00534
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 3/28/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ◉ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

◉ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 1605A, 1605 note, action for personal injury under FSIA against state sponsor of terrorism and its agents

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $500,000,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)   YES ☑   NO ☐   If yes, please complete related case form.

DATE March 28, 2008   SIGNATURE OF ATTORNEY OF RECORD  Paul G. Xxx

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.